UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25-CV-00218-CRS-CHL

JOSEPH J. PLAINTIFF

v.

COMMISSIONER OF SOCIAL SECURITY DEFENDANT

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph J. brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the denial of his claim for disability insurance benefits ("DIB"). This matter was referred to United States Magistrate Judge Colin H. Lindsay for findings and recommendation. On July 28, 2026, the magistrate judge issued a Report and Recommendation concluding that the denial of DIB benefits should be affirmed (the "Report") (DN 19). On August 11, 2026, Joseph J. ("Claimant") filed Objections to the Report, DN 20. On August 14, 2026, the Commissioner filed a Response, DN 21. Accordingly, this matter is now ripe for review.

Claimant's appeal for judicial review concerns the assessment of a mental health opinion rendered by Lizette Nji, a nurse practitioner who had been treating Claimant for about six months. Below, the administrative law judge (the "ALJ") found that Nji's opinion was "not persuasive." Claimant took that decision to task, arguing that the ALJ's reasoning was "flawed and failed to adequately demonstrate" the basis for his conclusion. More particularly, Claimant maintained that these failures constituted a violation of the ALJ's regulatory duties under 20 C.F.R. § 404.1520c. Section 404.1520c governs an ALJ's evaluation of medical source opinions. It requires an ALJ to determine the degree of persuasiveness of medical source opinions. Two factors must be given express consideration: "supportability" and "consistency." Claimant argued that the ALJ's

rationale with respect to those factors was "either unsupported by the record or flat out incorrect" which prejudiced his claim and required reversal.

The magistrate judge rejected this argument, dispelling Claimant's assertions of factual error and illustrating how the ALJ's evaluation was supported by the record. Claimant has objected to that rationale in a similar manner to his objections to the ALJ's work. He takes the magistrate judge to task for alleged factual errors. He also raises new grounds on which to find error in the ALJ's underlying work which, he asserts, caused the magistrate judge to err. These arguments are unavailing. Claimant cannot raise new issues for first time in objecting to the Report, and his remaining arguments are unconvincing given the record, the content of the Report, and the applicable law. Thus, the Court will overrule Claimant's Objections and adopt the magistrate judge's Report as the opinion of this Court.

## STANDARD OF REVIEW

The Court conducts a de novo review of the portions of a magistrate judge's report and recommendation to which a party has filed a timely and specific written objection. FED. R. CIV. P. 72(b) and 28 U.S.C. § 636(b)(1). A district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific; that is, that "pinpoint those portions of the magistrate's report that the district court must specifically consider," are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing findings by an administrative law judge ("ALJ"), the court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a

preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004)). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

## BACKGROUND AND PROCEDURAL HISTORY

Claimant lost his daughter to a disease which led to his substantial weight gain, depression and anxiety from which he suffers in addition to several physical problems and other mental health problems. Report, DN 19, at PageID# 5568 (citing 09/15/23 Hearing Transcript, AR at 41-44). Based on these conditions, on January 7, 2022, Claimant filed for disability insurance benefits under Title II of the Social Security Act. *Id.* at PageID# 557. On December 29, 2023, ALJ Gonzalo Vallecillo found that Claimant was not disabled within the meaning of the Social Security Act. Report, DN 19, at PageID# 5569 (citing AR at 15-36). The ALJ concluded that despite his physical and mental impairments, Claimant is capable of performing light work subject to certain exceptions. *Id.* at PageID# 5569.

With respect to his mental abilities, the ALJ found that Claimant can "understand, carry out, and remember simple, routine, and repetitive tasks involving only simple, work-related decisions with the ability to adapt to routine workplace changes." *Id.* (quoting 12/29/23 ALJ Decision, AR at 23). He also found that Claimant "could tolerate frequent interaction with supervisors, occasional interaction with coworkers, and no interaction with the general public" and that he "will be off-task five percent (5%) of the day and miss one workday per quarter." *Id.* These conclusions did not comport with the opinion of Nurse Practitioner Nji.

Nji's opinion is comprised of her responses to a "Mental Impairment Questionnaire." 06/08/23 Questionnaire, AR at 1100-05. The Questionnaire elicits information by asking the responding medical source to check boxes that list symptoms and boxes that describe "Mental Abilities and Aptitudes" need to do unskilled work, semi-skilled/skilled work, and particular types of jobs. *Id.* at 1102-03. With respect to a patient's "abilities and aptitudes" for completing work activities, each list is followed by an open-ended question. Each such question asks the responding medical source to explain his or her assessments/conclusions as to the patient's limitations and to "include the medical/clinical findings that support" the assessments/conclusions that fell "in the three most limited categories." *Id.* at 1102-03. Nji completed the checkbox portions of the Questionnaire. She checked off several signs and symptoms related to mental impairments. *Id.* at 1101. She also checked off assessments of Claimant's limitations with respect to the listed abilities and aptitudes necessary to work activities. *Id.* at 1102-03. Although Nji indicated that Claimant fell within the three most limited categories with respect to several skills, she did not explain her assessments nor did she include "the medical/clinical findings" that support her assessments. Instead, she left those portions of the form blank.

The ALJ concluded that as such Nji's opinion was "not persuasive." AR at 28. The ALJ noted that Nji "opined that the claimant had moderate limitations in restriction of activities of daily living, marked limitations in maintaining social functioning and maintain concentration, persistence, and pace, and would miss more than four day per month." *Id.* However, he also noted that Nji did not support her opinion with citations to objective evidence and found that her opinion was "without support in treatment notes." *Id.* Nor did she identify "actual functional limitations." *Id.* Additionally, the ALJ concluded that Nji's opinion "was not consistent with the medical record, which revealed that claimant had good and intact attention and concentration . . . . was often pleasant, cooperative, and polite with normal and euthymic mood and affect, normal and

appropriate behavior, normal speech, and effective and good eye contact." *Id.* As support for these latter conclusions, the ALJ cited specific parts of Claimant's medical records, including pertinent parts of Nji's treatment notes. *Id.*

In seeking review from this Court, Claimant contended that this explanation from the ALJ did not comply with 20 C.F.R. § 404.1520c. Plaintiff's Brief, DN 14 at PageID# 5543-44. More particularly, he asserted that the ALJ's analysis was "insufficient." *Id.* at PageID# 5544. He argued that the ALJ did not give Nji's opinion the attention it "deserved" and asserted that the ALJ's not-persuasive finding was insupportable, *i.e.*, that his reasons for it "were either unsupported by the record or flat out incorrect." *Id.* at PageID# 5544. First, Claimant contended that the ALJ did not treat Nji's work as a medical source opinion, a conclusion he extrapolated from the ALJ's statement that it did not contain functional limitations. *Id.* Claimant argued that the contrary was true. He maintained that Nji's opinion did contain functional limitations because it included opinions as to whether Claimant could perform work-related activities. *Id.* Thus, the ALJ should have considered Nji's opinions as to his ability to "perform work-related activities" "medical opinions as they provide[d] specific functional limitations." *Id.*

Second, Claimant contended that the ALJ misrepresented the record when he stated that Nji's opinion did not cite to the record or contain support for her assessments. *Id.* Claimant asserted that the list of symptoms checked off by Nji provided such support. *Id.* As well, Claimant argued that Nji's extrinsic treatment notes provided sufficient support but the ALJ did not consider those, wrongly restricting his review to the four corners of the Questionnaire. *Id.* at PageID# 5544-45. Claimant recited particular findings in Nji's treatment notes that he believed supported her opinions. *Id.* at PageID# 5545-46. He then claimed that the ALJ "made no mention whatsoever of those findings when considering whether Nji's opinions were supported." *Id.* at PageID# 5546. Thus, according to Claimant, the ALJ's supportability analysis was "not supported by substantial

evidence" and he otherwise failed to address "supportability" as required by § 404.1520c. *Id.*[1]

The magistrate judge was unconvinced. He noted that, in fact, Nji did not include any explanations or citations to objective medical evidence in her responses to the Questionnaire, *i.e.,* in support of her opinion. Instead, she had simply checked off the boxes with respect to her assessment of Claimant's limitations with respect to workplace "abilities and aptitudes." Report, DN 19 at PageID# 5580. Nor did she explain how the symptoms she had checked off related to the limitations she had identified. *Id.* The magistrate judge found that, as a result, Nji's opinion was conclusory in nature. He explained that such conclusory opinions do not bind an ALJ and are not entitled to significant weight. *Id.* at PageID# 5579-80 (citing cases). Thus, the magistrate judge concluded that "it was appropriate for the ALJ to rely on the conclusory nature of NP Nji's checkbox opinion" in his evaluation of it. *Id.* at PageID# 5580.

Next, the magistrate judge demonstrated that the ALJ did not restrict his analysis to the four corners of Nji's opinion. The ALJ's statement that Nji's opinion was "without support" in her treatment notes made this much clear. *Id.* Thus, contrary to Claimant's argument, the ALJ did not fail to consider Nji's treatment notes. *Id.* Lastly, by way of an example, the magistrate judge demonstrated that Nji's treatment notes included assessments that contradicted at least two of her favorable opinions. *Id.* at PageID# 5580-81. He then declined Claimant's invitation to give the treatment notes Claimant cited greater weight than the content of her notes which undermined her opinions and thereby re-weigh the evidence. *Id.* at PageID# 5581. He otherwise found that the ALJ's not-persuasive finding was supported by substantial evidence. *Id.* Finally, the magistrate judge rejected Claimant's assertion that the ALJ procedurally erred by failing to comply with § 404.1520c. The magistrate judge found that the ALJ's "reference to the checkbox nature of NP

[1] For ease of reference and in the interest of economy, the Court has limited its discussion to the arguments and findings to which Claimant's present Objections relate and has omitted recitation of arguments which Claimant has dropped at this stage of the proceedings.

Nji's opinion and his commentary regarding her treatment notes" satisfied the regulation's requisites.[2] Finding no error in the ALJ's analysis under § 404.1520c, the magistrate judge recommended that the denial of benefits be affirmed. *Id.* at PageID# 5583.

## ANALYSIS

As noted above, this matter is now before the Court on Claimant's Objections to the magistrate judge's Report. There are three. According to Claimant, his Objections concern the ALJ's failure "to adequately address the mandatory factors required for explicit consideration by 20 C.F.R. § 404.1520c." Objections, DN 20, at PageID# 5585. At this stage, Claimant's burden is to show that the magistrate judge erred. And, two of his Objections clearly relate to whether the magistrate judge erred in finding that the ALJ sufficiently addressed "supportability" as required by § 404.1520c. However, Claimant's first objection is obscure. It lacks a developed argument that addresses how or why the alleged error on which Claimant relies requires the conclusion that the ALJ did not comply with § 404.1520c or how or why the magistrate judge erred in finding that the ALJ did comply with that regulation. It fails to convince for this reason.

### A. Claimant's First Objection

The basis for Claimant's first objection is a single statement made by the ALJ to the effect that Claimant did better or well when he took his medications. Objections, DN 20, at PageID# 3385. Claimant wrongly ascribes this statement to the magistrate judge and goes on to allege that the statement "is not a complete and accurate representation of" his situation. *Id.*[3] According to Claimant, it is inaccurate because the record also shows that he needed reminders to take his meds and that they had side effects including, among others, somnolence and lethargy. *Id.* Claimant does

---

[2] The magistrate judge also rejected Claimant's argument about functional limitations, noting that the ALJ did treat her Questionnaire responses as medical opinion which was evident from his having including a supportability and consistency analysis. Report, DN, 19 at n.9.

[3] The ALJ made this statement. It appears in his discussion of Claimant's medical records as a part of the ALJ's residual functional capacity analysis. 12/29/23 Decision, AR at 27. The ALJ's statement is supported by his citation to Claimant's medical records. *Id.*

not explain how failing to note these factors resulted in reversible error, however. He contends that he "was not being noncompliant for the sake of being noncompliant." Objections, DN 20, at PageID# 5586. Instead, "he had valid reasons for either forgetting to take medications or wanting to avoid such medications due the negative side effects." *Id.* Claimant's objection ends with this statement. He does not explain how or why this circumstance demonstrates reversible error. For this reason, this objection is unavailing:

> Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.

*McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (cleaned up) (citations omitted).

**B. Claimant's Second Objection**

Claimant maintains that the ALJ and, in turn, the magistrate judge erred as a matter of fact when each concluded that Nji's opinion did not include support for her assessments. Objections, DN 20, at PageID# 5586. Claimant argues that this finding of fact is belied by the fact that her opinion also (1) identified his mental health impairment, (2) stated that his treatment was partially effective, (3) stated that he would need follow ups and medication adjustments, (4) identified side effects from his meds, (5) contained a guarded prognosis and (6) identified a long list of symptoms. *Id.* Claimant contends that "[i]t is therefore unclear how anyone could conclude that Nji did not provide support for her opinion. Both the Magistrate Judge and the ALJ were factually incorrect." *Id.* This argument misses the mark, eliding § 404.1520c.

Section 404.1520c required the ALJ to discuss Nji's opinion's "supportability." An evaluation of an opinion's supportability looks at "the objective medical evidence and supporting explanations presented by a medical source . . . . to support his or her medical opinions." 20 C.F.R. § 404.1520c(c)(1). The more a source provides with respect to objective medical evidence and supporting explanations, the more persuasive the opinion will be. *Id.* Nji did not explain why

Claimant's symptoms and conditions led to the specific degrees of work limitations she checked off. Nor did she tie those checked boxes to her treatment notes. This is evident from the opinion itself. The Questionnaire gave Nji an opportunity to do so but she left those fields blank. 06/09/23 Questionnaire, AR at 1102-03. For this reason, neither the ALJ nor the magistrate judge erred as a matter of fact. In the context of § 404.1520(c)(1), Nji did not provide support for her opinion.

At the same time, Claimant has improperly introduced new grounds for finding error in the ALJ's work. The issue before the magistrate judge was whether the checked symptoms sufficed as support for Nji's opinions/assessment of Claimant's work capabilities. Plaintiff's Brief, DN 14, at PageID# 5544. Claimant made no arguments as to the remaining content of the Questionnaire. To the extent that he relies on additional content as grounds for finding error, his arguments are forfeit. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x at 512, 517–18 (6th Cir. 2010) (plaintiff forfeits a "claim raised for the first time in objections to a magistrate judge's report.") (citations omitted).

Next, Claimant contends that requiring more from Nji than checked boxes accompanied by a list of symptoms is "unprecedented." To the contrary, the magistrate judge cited applicable law for the proposition that an ALJ is not bound by conclusory statements from medical sources and noted that "[t]he Sixth Circuit has 'declined to give significant weight to rudimentary indications that lack an accompanying explanation'. . ." Report, DN 19, at PageID# 579-80 (citations omitted). Claimant has not shown that the cases relied on by the magistrate judge are either inapposite or no longer good law. To the contrary, he has not addressed them at all. That is, contrary to Claimant's assertion, the magistrate judge did provide precedent for discounting conclusory statements.

Next, Claimant contends that the magistrate judge's "defense" of the ALJ's rationale "is inconsistent with the ALJ's own decision." This is so, according to Claimant, because the state

agency consultants' work, like Nji's, did not explain how the moderate limitations they identified "translated into specific functional limitations," yet the ALJ found those opinions persuasive. Objections, DN 20, at PageID# 5586-87 (citing AR at 65-66). This argument is new too. The issue before the magistrate judge was whether Nji's opinion contained functional limitations such that the ALJ's conclusion that it did not was "factually incorrect" which led to his failure to treat the Questionnaire response's as a medical opinion. Plaintiffs' Brief, DN 14, at PageID# 5544. Claimant did not argue that the ALJ's decisions as to the persuasiveness of the respective opinions—Nji's opinion v. the state agency opinions—demonstrated reversible error because despite their similarities, the ALJ rejected Nji's opinion but accepted the state agency opinions. Again, Claimant cannot present new grounds for reversal at this stage. *Swain*, 379 F. App'x at 517–18.

Finally, Claimant contends that the magistrate judge "seems to suggest that it is impossible to understand" how the symptoms identified by Nji "could lead to various specific functional limitations." Objections, DN 20, at PageID# 5587. Claimant did not support this assertion with any reference to the Report, and, having reviewed the Report, the Court found no such suggestion. Instead, the magistrate judge simply concluded that the ALJ did not err by taking the conclusory nature of Nji's opinion into consideration. Report, DN 19, at PageID# 5580. Again, the magistrate judge supported that conclusion with caselaw, *id.* at PageID# 5579-80, and Claimant has not shown that those decisions are inapposite or no longer good law.

**C. Claimant's Third Objection**

Claimant alleges that the ALJ erred because he "failed to adequately consider the fluctuating nature of [his mental health] impairment." Thus, contrary to the magistrate judge's Report, the ALJ's supportability analysis was not supported by substantial evidence. Objections, DN 20, at PageID# 5587. Claimant cites *Lashley v. Sec'y of Health and Human Serv.*, 708 F.2d

1048 (6th Cir. 1983) for this proposition, suggesting that only Nji was in a position to adequately evaluate his mental health and implying that for this reason the record evidence did not support rejecting her opinion. Claimant never presented this argument to the magistrate judge. While he argued that the ALJ's supportability analysis lacked record support, his contention was limited to the fact that Nji's mental health opinion found support in the treatment notes to which he had cited. Plaintiff's Brief, DN 14 at PageID# 5546. Again, Claimant cannot raise a new ground for reversal now. *Swain*, 379 F. App'x at 517–18. His argument is forfeit. *Id.*

For the foregoing reasons, Claimant's Objections **(DN 20)** are **OVERRULED** and Magistrate Judge Lindsay's Findings of Fact, Conclusions of Law and Recommendation **(DN 19)** are **ADOPTED** in their entirety as the opinion of the Court and are incorporated by reference herein. A separate judgment will be entered contemporaneously with this Order.

There being a no just reason for delay, this is a final Order.

August 24, 2026



**Charles R. Simpson III, Senior Judge**
**United States District Court**